**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH EUGENE MANDER III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:25-CV-0071 |
| | ) | |
| v. | ) | District Judge Stephanie L. Haines |
| | ) | Magistrate Judge Maureen P. Kelly |
| SCI FOREST "JOHN DOE" STAFF, *and* | ) | |
| C.O. MOHNEY, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**II.     REPORT**

Plaintiff Joseph Eugene Mander III ("Mander") is a state prisoner incarcerated at State Correctional Institution at Forest ("SCI-Forest") in Marienville, Pennsylvania. This action was commenced on March 18, 2025, with receipt of Mander's *pro se* Complaint asserting federal civil rights claims against "John Doe" staff and Corrections Officer Mohney ("Mohney"), staff members at SCI-Forest. ECF No. 1 at 1-4. Mander alleges that Mohney refused his request to contact a prison supervisor to obtain access to the prison psychiatrist. Id. at 1-2. Mander further alleges that Mohney addressed him using vulgarity and racial slurs while concealing his identity by using another corrections officer's name. Id. at 2-3. Mander did not submit the required filing fee with his Complaint or file a motion for leave to proceed *in forma pauperis* ("IFP").

1

On March 31, 2025, this Court issued a Deficiency Order requiring Mander either to pay the required filing fee or to properly move to proceed IFP. ECF No. 5. The Deficiency Order further required Mander to complete a Consent to Jurisdiction of Magistrate Judge form and, if seeking to proceed IFP, to submit a copy of a trust fund statement for the prior six months and a form authorizing withdrawal of funds from an inmate account. ECF No. 5 at 1-2. Mander was given a deadline of April 30, 2025, to comply. Id. at 2. The Order was mailed to Mander at his address of record along with a blank form motion to proceed IFP and a blank form to consent to the jurisdiction of a United States Magistrate Judge. ECF Nos. 3-1 and 3-2.

On April 15, 2025, Mander filed a compound motion ("the Motion") stating, among other things, that he had not received blank forms to move to proceed IFP or to consent to the jurisdiction of a United States Magistrate Judge. ECF No. 6. This Court understood the Motion to include three separate requests: 1) an extension of time to respond to the Deficiency Order; 2) recusal of the undersigned; and 3) appointment of counsel. ECF No. 7 at 1.

On April 23, 2025, this Court entered an Order granting in part and denying in part Mander's Motion of April 15, 2025. ECF No. 7. The Court granted Mander a 30-day extension of time to comply with the Deficiency Order, and it denied Mander's motions for recusal and for appointment of counsel. Id. at 4. Blank copies of a form IFP motion and a consent form were mailed to Mander along with a copy of that Order. ECF Nos. 7-1 and 7-2.

Mander did not respond to the Deficiency Order. As a result, on July 9, 2025, this Court entered an Order to Show Cause requiring Mander to explain his failure to respond to the March 31, 2025, Deficiency Order on or before May 30, 2025. ECF No. 8. The Order to Show Cause warned Mander that "failure to respond to this Order to Show Cause shall result in the dismissal

2

of this case for failure to prosecute." Id. at 1. This Order was also mailed to Mander at his address of record. Id.

As of the date of this Report and Recommendation, Mander still has not responded to the Deficiency Order or the Order to Show Cause, nor has he otherwise cured the deficiencies in his Complaint as specified in the March 31, 2025, Deficiency Order.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action or claim if the plaintiff fails to prosecute or comply with a court order. Guyer v. Beard, 902 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

The United States Court of Appeals for the Third Circuit has adopted a six-factor test to assess whether the sanction of dismissal is appropriate when a plaintiff fails to prosecute. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). The court considers: 1) the extent of the party's personal responsibility, 2) any prejudice to the adverse party, 3) any history of dilatoriness, 4) whether the party's or attorney's conduct was willful or in bad faith, 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and 6) the merits of the underlying claim. Id. at 868. No single factor is dispositive, and not all factors must be satisfied to justify dismissal for lack of prosecution. Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019).

These six factors are considered in turn.

1.  The extent of the party's personal responsibility

Mander is proceeding in this matter *pro se*, and he is solely responsible for his filings and for complying with the Court's orders.

2.  Prejudice to the adverse party

No adverse party has yet been served with the Complaint, and there is no evidence that Mander's conduct has unfairly prejudiced any defendant.

3.  History of Dilatoriness

Since filing his Motion on April 15, 2025, Mander has failed to respond to any order of this Court. Mander has not paid the required filing fee or moved for leave to proceed IFP. This is sufficient evidence, in this Court's view, to indicate that Mander does not intend to proceed with this case in a timely fashion.

4.  Whether the party's or attorney's conduct was willful or in bad faith

There is no evidence on the record that Mander's conduct has been the result of any "excusable neglect," Poulis, supra. The conclusion that this failure is willful is inescapable.

5.  Alternative sanctions

Mander is currently proceeding *pro se.* There is no indication on the record that alternative sanctions, such as monetary sanctions, would be effective.

6.  Merits of the underlying claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-870. At this early stage, it is unclear whether Mander's claims have merit.

Thus, at least four of the six factors clearly weigh against Mander, and they support dismissal as an appropriate sanction when considered together.

## III.    CONCLUSION

Based on the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed, without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: June _17_, 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Stephanie L. Haines
       United States District Judge

       Joseph Eugene Mander, III
       NS-4160
       SCI-Forest
       P.O. Box 307
       286 Woodland Drive
       Marienville, PA 16239